**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-16-0000134**
**27-NOV-2018**
**08:51 AM**

NO. CAAP-16-0000134

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


PALEHUA COMMUNITY ASSOCIATION,
by and through its Board of Directors,
Plaintiff-Appellee,
v.
CORA CHARLOTTE LINDEN KELLY,
Defendant-Appellant,
and
JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10;
DOE PARTNERSHIPS 1-10; DOE ENTITIES 1-10; and
DOE GOVERNMENTAL UNITS 1-10,
Defendants.


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 11-1-1958)


SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Chan, JJ.)

Defendant-Appellant Cora Charlotte Linden Kelly (Kelly) appeals from: (1) the Order Granting In Part Plaintiff Palehua Community Association's (Palehua) Non-Hearing Motion For Attorneys' Fees, Costs, and Expenses, filed February 1, 2016; and (2) the Final Judgment, filed February 16, 2016, in the Circuit Court of the First Circuit (circuit court).[1]

This appeal arises from a breach of a homeowners association's rules regarding yard maintenance brought by Palehua

---

[1] The Honorable Rhonda A. Nishimura presided.

against Kelly. On appeal, Kelly contends that: (1) the circuit court improperly considered and granted Palehua's request for money damages in conjunction with its award of attorneys' fees and costs; and (2) the circuit court abused its discretion in awarding attorneys' fees against Kelly.[2]

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced, applicable authorities, and the issues raised, we resolve Kelly's points on appeal as follows:

## I. The Circuit Court Did Not Abuse Its Discretion in Granting Palehua's Request for Attorneys' Fees and Costs

We first address Kelly's argument that the circuit court improperly considered and granted Palehua's request for money damages in its Non-Hearing Motion for Attorneys' Fees, Costs, and Expenses (Non-Hearing Motion for Attorneys' Fees and Costs). We review a motion for attorneys' fees and costs under the "abuse of discretion" standard. Sierra Club v. Dep't of Transp., 120 Hawai'i 181, 197, 202 P.3d 1226, 1242 (2009) (internal quotation marks, citations, and brackets omitted).

Kelly argues that Palehua failed to explicitly state, claim, or demand money damages in its Complaint for Declaratory and Injunctive Relief, filed September 2, 2011, by failing to allege either that Palehua's governing documents constitute a contract or that Palehua was damaged by Kelly's actions.

When a homeowner fails to bring a property into compliance with a homeowners association's rules, the homeowner

---

[2] In her reply brief, Kelly, raised two additional points of error, alleging: (1) that Kelly was deprived of the due process of law when Palehua filed a separate "non-hearing motion" for attorneys' fees and costs, rather than the court ordered "declaration" of attorneys' fees and costs; and (2) that the circuit court's injunction was unconstitutionally vague because it did not enumerate the specific actions Kelly was required to take to clean her property and because it was filed only four days prior to the deadline for compliance. Inasmuch as Kelly, who was represented by counsel on appeal, failed to raise such arguments in her opening brief, such arguments are deemed waived. See Association of Apartment Owners of Newtown Meadows ex rel. its Bd of Directors v. Venture 15, Inc., 115 Hawai'i 232, 281 n.39, 167 P.3d 225, 274 n.39 (2007) citing In re Hawaiian Flour Mills, Inc., 76 Hawai'i 1, 14 n. 5, 868 P.2d 419, 432 n. 5 (1994) (holding that arguments raised for the first time in the reply brief on appeal were deemed waived).

must pay the association for costs incurred from that failure. See Royal Kunia Community Ass'n ex rel. Bd. of Directors v. Nemoto, 119 Hawaiʻi 437, 445, 198 P.3d 700, 708 (2008) (Royal Kunia). Palehua's governing documents[3] require that homeowners pay not only for the enforcement costs associated with bringing the property back into compliance, but, *additionally,* for any attorneys' fees and costs associated with the enforcement of the covenants.

Here, the circuit court entered summary judgment and an injunction in favor of Palehua including, *inter alia,* authorization for Palehua to incur compliance costs if Kelly failed to bring the property into compliance. Kelly does not dispute that she failed to bring the property into compliance or that, as previously authorized by the circuit court, Palehua included the costs of compliance in its request for attorneys' fees and costs. Thereafter, the circuit court awarded compliance costs, including attorneys' fees and costs, as required by the Covenants, Hawaii Revised Statutes (HRS) § 421J-10(a) (2004),[4] and as previously ordered by the circuit court. Specifically,

---

[3] Section 7.02 of the Declaration of Covenants, Conditions, and Restrictions of the Palehua Community (Covenants) states that any "costs of enforcement, including court costs and attorneys' fees, shall be paid by any Owner who violated any such limitation, restriction, covenant or condition, or failed to pay and satisfy when due any such lien or charge."

[4] HRS § 421J-10(a) provides:

§ 421J-10(a) Attorneys' fees and expenses of enforcement. (a) All costs and expenses, including reasonable attorneys' fees, incurred by or on behalf of the association for:
   (1)   Collecting any delinquent assessments against any unit or the owner of any unit;
   (2)   Foreclosing any lien on any unit; or
   (3)   Enforcing any provision of the association documents or this chapter; against a member, occupant, tenant, employee of a member, or any other person who in any manner may use the property, shall be promptly paid on demand to the association by such person or persons; provided that if the association is not the prevailing party, all costs and expenses, including reasonable attorneys' fees, incurred by any such person or persons as a result of the action of the association, shall be promptly paid on demand to the person by the association. The reasonableness of any attorney's fees paid by a person or by an association as a result of an action pursuant to paragraph (2) shall be determined by the court.

3

the circuit court awarded the following amounts for Palehua's efforts in enforcing the Covenants:

Cleaning Costs: $3,361.46

Attorneys' Fees: $10,140.00

Costs: $1,257.30

Additional Attorneys' fees and costs to be incurred: $900.00

Total Judgment Amount: $15,658.76.

As discussed above, the "Cleaning Costs" were incurred by Palehua when it conducted the clean-up of Kelly's property, in fulfillment of Covenant obligations and the circuit court's injunction, after Kelly refused to comply with the injunction. The "Attorney's Fees," "Costs," and "Additional Attorneys' fees and costs to be incurred" were or will be incurred by Palehua in the course of maintaining the present action to obtain the injunction to enforce the Covenants. All of these costs of enforcement are authorized by the Covenants and the HRS, and Kelly is liable for these costs of enforcement. Accordingly, the circuit court did not abuse its discretion when granting attorneys' fees and costs to Palehua.

Kelly further argues that the circuit court improperly considered Palehua's Non-Hearing Motion for Attorneys' Fees and Costs as a non-hearing motion when such a request cannot be categorized as a non-hearing motion under the Rules of the Circuit Courts of the State of Hawai'i (RCCH) Rule 7.2 and Civil Administrative Orders 9.1, 9.2, and 9.9.

Pursuant to RCCH Rule 7.2(b), motions defined in Exhibit B to the RCCH can be considered non-hearing motions, including both motions for "Attorney's Fees" and for "Reimbursement of Out-of-Pocket Expenses." Further, all Civil Administrative Orders were rescinded by order of the Chief Justice of the Supreme Court of Hawai'i on June 9, 2010, prior to the commencement of this action, and have no authority.

Thus, Palehua's Non-Hearing Motion for Attorneys' Fees and Costs, which only sought reimbursement for out-of-pocket compliance expenses on behalf of Palehua, and attorneys' fees and costs of suit, was a proper non-hearing motion.

Finally, Kelly argues that the grant of compensatory damages against Kelly was preserved for appeal because it constituted plain error. As we addressed the issue on the merits above, we need not address the issue of plain error.

## II. The Necessity of the Original Law Suit Is Not at Issue on Appeal - Only the Resulting Attorneys' Fees and Costs

Kelly's second point on appeal is that the circuit court abused its discretion in awarding attorneys' fees against Kelly when "the lawsuit [] filed against her was entirely unnecessary." Kelly argues that because Palehua is permitted under its Covenants to enforce the Covenants, remedy any violations, maintain the properties in Palehua, and charge any costs directly to the homeowners, that there was no need for Palehua to file the present lawsuit. Thus, Kelly concludes, it was an abuse of discretion for the circuit court to award attorneys' fees for prosecution of an unnecessary lawsuit.

The necessity of the lawsuit is not at issue on appeal. Kelly does not dispute that the Covenants and HRS § 421J-10(a) both authorize a grant of attorneys' fees and costs for actions taken in enforcing the Covenants. Kelly does not dispute the reasonableness of the amount of the attorneys' fees and costs. Thus, it could not be an abuse of discretion for the circuit court to grant attorneys' fees and costs incurred for actions taken in enforcing the Covenants.

As above, Kelly further argues that this issue is preserved on appeal because it constitutes plain error. Because we have addressed the issue on the merits, we need not address the issue of plain error.

Based on the foregoing, we AFFIRM the (1) Order Granting In Part Plaintiff-Appellee Palehua Community Association's Non-Hearing Motion For Attorneys' Fees, Costs, and Expenses, filed February 1, 2016; and (2) the Final Judgment, filed February 16, 2016.

DATED:  Honolulu, Hawai'i, November 27, 2018.

On the briefs:

R. Laree McGuire
Linda E. Ichiyama
and Cherly A.K. Fraine
(Porter McGuire Kiakona &
Chow, LLP)
for Plaintiff-Appellee.

David Raatz
for Defendant-Appellant.

Presiding Judge

Associate Judge

Associate Judge

6